UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

**Spectrum Medical Leasing,**

    **Plaintiff,**

v.

**Robert Wood Johnson University, Hospital,**

    **Defendant/Third-Party Plaintiff,**

v.

**B. Braun Medical, Inc.,**

    **Third-Party Defendant.**

Civil Action No. 05-3594 (WJM)

OPINION

---

Virginia T. Shea
Carlet, Garrison, Klein & Zaretsky, LLP
113 Clifton Avenue, Suite 104
Clifton, New Jersey 07015
    *(Attorneys for Plaintiff)*

Alison L. Galer
Norris, McLaughlin & Marcus, PC
721 Route 202-206
P.O. Box 1018
Somerville, New Jersey 08876-1018
    *(Attorneys for Defendant and Third-party Plaintiff)*

Lan Hoang
Gibbons, Del Deo, Dolan, Griffinger & Vecchione, PC
One Riverfront Plaza
Newark, New Jersey 07102-5496
    *(Attorneys for Third-party Defendant)*

**MARTINI, U.S.D.J.:**

    The Court is in receipt of Third-Party Defendant B. Braun Medical's ("Braun's") motion to stay the third-party claims pending arbitration and Defendant Robert Wood Johnson University Hospital's ("RWJ's") motion to refer all claims to arbitration and to dismiss the Amended Complaint. The Court held oral argument on June 28, 2006. For the reasons set forth below, Braun's motion is **GRANTED**, and RWJ's motion is **DENIED**.

**Statement of Facts**

This is a contract dispute whereby Plaintiff Spectrum Medical Leasing ("Spectrum") has sued RWJ for amounts it claims are owed under a lease agreement for medical pumps. In or around 1996, RWJ entered into an agreement with McGaw, Inc. to lease medical pumps. Following a merger, Braun took over the lease in 1997. In June 1999, Spectrum acquired an interest in the lease insofar as Spectrum would take over Braun's interest in the lease, including related equipment, upon the expiration of the then-existing agreement. Around February 2004, which is when Spectrum argues the then-existing agreement ended, Spectrum presented RWJ with the option of returning the pumps or making monthly rental payments. RWJ, however, refused to negotiate, arguing that its lease agreement with Braun extended through September 2004, and that under this agreement, its only obligation was to purchase certain minimum amounts of disposable equipment for the pumps.

On July 20, 2005, Spectrum filed suit against RWJ for replevy of the pumps and for damages.[1] In February 2006, RWJ filed a Third-Party Complaint against Braun for contribution and indemnification. In response, Braun moved to stay the third-party claims pending arbitration, which it claims it is entitled to under the terms of the lease. RWJ opposes the stay and, in the alternative, asks that the Court refer the entire case to arbitration and dismiss the Amended Complaint. Spectrum, for its part, claims RWJ has waived any rights that it had to demand arbitration by proceeding with this case for ten months before requesting arbitration.

**Analysis**

The parties do not dispute that the claims at issue in this litigation are subject to the arbitration clause in the lease agreement. The sole question for purposes of these motions is whether RWJ has waived its right to arbitrate the claims against it.

The arbitration clause at issue here reads:

> Any controversy or claim arising out of, relating to this Lease, the breach thereof, or the coverage of this arbitration provision shall be settled by arbitration which shall be in accordance with the Commercial Arbitration Rules of the American Arbitration Association ("AAA") . . . . The arbitration of such issues, including the determination of the amount of any damages suffered by either party hereto by reason of the acts or omissions of the other, shall be to the exclusion of any court of law. The decision of the arbitrators or a majority of them shall be final and binding upon all parties and their respective heirs, executors, administrators, successors and assigns. There shall be three arbitrators, one to be chosen by each of [B. Braun] and Lessee from a list provided by the AAA and the third arbitrator to be selected by the two arbitrators so chosen.

(Griffinger Certification Exhibit A ¶¶ 14.)

---

[1] The pumps have now been returned, although Spectrum now seeks damages for their condition.

As an initial matter, the parties note some disagreement as to whether federal or California law applies to the issue of waiver.[2] The Court finds no real dispute, however, since a review of Third Circuit and California law reveals that they apply essentially the same standard. Both place primary emphasis on prejudice to the opposing party. *See Gavlik Constr. Co. v. H. F. Campbell Co.*, 526 F.2d 777, 783 (3d Cir. 1975), *rev'd on other grounds by Zosky v. Boyer*, 856 F.2d 554 (3d Cir. 1988) ("it is not the inconsistency of a party's actions, but the presence or absence of prejudice which is determinative of the issue of waiver.") (citation omitted); *Groom v. Health Net*, 98 Cal. Rptr. 2d 836 (Cal. Ct. App. 2000) ("There is no single test for the type of conduct which may waive arbitration rights, but *the conduct must have caused prejudice* to the opposing party."). Secondarily, the Court may look at whether RWJ acted in accordance with an intention to seek arbitration. *See, e.g., Hoxworth v. Blinder Robinson & Co.*, 980 F.2d 912, 925-27 (3d Cir. 1992); *Groom v. Health Net*, 98 Cal. Rptr. 2d 836 (Cal. Ct. App. 2000).

Although the Court acknowledges that this case presents a close call, it finds that RWJ has waived its right to arbitrate. This litigation proceeded for nine months before RWJ gave Spectrum oral notice that it would seek arbitration, even though it appears RWJ was very much aware of its right to arbitrate. Another three weeks passed before RWJ submitted a formal motion to the Court. In this time, Spectrum and RWJ had fully briefed, appeared before the Court for, and engaged in discovery with regard to the issue of replevin. RWJ answered the Complaint in August 2005, and in December, the parties submitted a joint discovery plan and exchanged Rule 26 disclosures. In January 2006, Spectrum filed an Amended Complaint, which RWJ also answered in conjunction with filing its Third-Party Complaint against Braun. Spectrum and RWJ continued to exchange discovery throughout April, discovery which consisted of document production and interrogatories. Spectrum also represents it has done some work in the way of expert discovery.

Although the Court is mindful of the fact that this litigation has not reached the point of noticing and taking depositions or filing dispositive motions, it finds nonetheless that the duration of the litigation thus far, RWJ's unhesitating participation in the litigation, the amount of discovery that has taken place, and RWJ's concomitant failure to exhibit any intention to seek arbitration until now calls for a finding of waiver. Spectrum has expended considerable time and money litigating this case, and to drag it to arbitration at this juncture, particularly in light of the unexplained delay in RWJ filing its recent motion,[3] would certainly cause prejudice.

---

[2] Generally speaking, under the Federal Arbitration Act ("FAA"), federal law governs the interpretation and application of arbitration agreements. *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 520 n. 15 (1974). The lease agreement contains a generic choice of law clause providing for California law when dealing with interpretation of the contract. The parties dispute whether such a generic choice of law clause is sufficient for showing an intention to opt out of FAA default rules regarding the issue of waiver.

[3] RWJ conceded during oral argument that it delayed its filing of the Third-Party Complaint, and thereby delayed the filing of the present motions, in an attempt to settle its dispute with Braun. The Court does not speculate as to whether RWJ chose this strategy to try

Furthermore, the Court finds that Braun is not a necessary party to the action between Spectrum and RWJ.  Spectrum represents to the Court that it has no intention of filing any claims directly against Braun.  Thus, if RWJ prevails in the suit with Spectrum, such a victory would obviate the need for arbitration.  If, on the other hand, RWJ is found liable to Spectrum, it may seek contribution from Braun through arbitration at that point.  This procedure would streamline the process and eliminate any possibility of conflicting decisions.[4]  To that end, and in the interests of equity and efficiency, the Court finds it appropriate not only to stay the third-party claims but also to stay any arbitration between RWJ and Braun pending the outcome of this litigation.[5]

**Conclusion**

In light of the foregoing reasons, Braun's motion to stay the third-party claims is **GRANTED**, arbitration of claims between RWJ and Braun is **STAYED** pending the outcome of the instant litigation, and RWJ's motion is **DENIED**.

An appropriate Order of companies this Opinion.

s/ William J. Martini

**William J. Martini, U.S.D.J.**

---

and circumvent Braun's almost certain demand for arbitration should RWJ file a formal complaint.  Regardless, the Court finds that RWJ did so at its own risk.

[4] The Court further notes that most, if not all, relevant facts concerning whether Braun validly extended the lease through September 2004 will have emerged through the discovery process in the instant litigation, thereby further expediting any future arbitration.

[5] Pursuant to Section 1281.2(c)(4) of the California Code of Civil Procedure, if a "court determines that a party to [an] arbitration is also a party to litigation in a pending court action or special proceeding with a third-party [arising out of the same transaction and there is a possibility of conflicting rulings on a common issue of law or fact], the court . . . (4) may stay arbitration pending the outcome of the court action." *See also Volt Info. Scis., Inc. v. Bd. of Trustees of the Leland Stanford Junior Univ.*, 49 U.S. 468 (1989) (finding FAA did not preempt application of § 1281.2(c)(4) and affirming lower court determination that, under California law, which applied to interpretation of contract at issue, parties intended California law to apply to arbitration provision).  And since, as with the agreement considered in *Volt*, the agreement in this case is governed by California law, the Court finds application of § 1281.2(c)(4) appropriate here.